```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                 FILED
              UNITED STATES DISTRICT COURT
                        FOR THE                           2017 JUL 19 AM 9:53
                  DISTRICT OF VERMONT
                                                               CLERK
                                                          BY_____(AW)_____
                                                             DEPUTY CLERK
```

ALLEN RHEAUME, )
)
Petitioner, )
)
v. ) Case No. 2:16-cv-303
)
LISA MENARD, )
)
Respondent. )

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING AS MOOT REMAINING PENDING MOTIONS
(Docs. 3, 5, 9, 11, 13, 15, 18, 19, & 22)

This matter came before the court for a review of the Magistrate Judge's February 16, 2017 Report and Recommendation ("R & R") (Doc. 15), in which the Magistrate Judge recommended that the court grant Respondent Lisa Menard's motion to dismiss (Doc. 9) the 28 U.S.C. § 2254 petition for a writ of habeas corpus filed by Petitioner Allen Rheaume (Doc. 5). The Magistrate Judge further recommended that the court deny as moot Petitioner's motions to appoint counsel (Docs. 3 & 19), Petitioner's motion for summary judgment (Doc. 11), Respondent's motion for an extension of time to respond to the motion for summary judgment (Doc. 13), and Petitioner's motions for evidentiary hearings (Docs. 18 & 22).

On March 2, 2017 and March 9, 2017, Petitioner filed objections to the R & R and contended that the Magistrate Judge committed the following errors: (1) treating Petitioner's January 9, 2017 opposition to Respondent's reply memorandum as a sur-reply; (2) using the Vermont Supreme Court's January 6, 2010 voluntary dismissal of Petitioner's state court appeal as the date that triggered the one-year statute of limitations; (3) using Petitioner's January 30, 2008 revocation of probation as an alternative date for

computing the statute of limitations; (4) concluding that Petitioner did not diligently pursue his appellate rights after his January 30, 2008 violation of probation; (5) determining that Petitioner had not alleged a claim of actual innocence; and (6) recommending that the court find that Petitioner failed to allege a federal constitutional violation.

Petitioner is self-represented. Respondent is represented by Assistant Attorney General John R. Treadwell.

I.    **Factual and Procedural Background.**

On March 18, 2004, the State of Vermont ("the State") charged Petitioner with two counts of lewd and lascivious conduct in violation of 13 V.S.A. § 2601 and one count of unlawful trespass in violation of 13 V.S.A. § 3705 based on allegations that Petitioner entered the home of a minor without permission, attempted to touch her, and masturbated in front of the minor and her friend while trying to grab them. On June 14, 2004, Petitioner pled guilty to one count of lewd and lascivious conduct and to being a habitual offender pursuant to 13 V.S.A. § 11. He was sentenced to fifty-five days to life imprisonment, with all suspended except fifty-five days to five years.

On July 30, 2004 and August 23, 2004, Petitioner filed separate motions for sentence reconsideration. The second motion was granted on September 28, 2004. Petitioner's sentence was amended to fifty-five days to life, all suspended except fifty-five days to twenty-four months, and he was placed on probation based on credit for time served. On January 30, 2008, after several violations, the trial court revoked Petitioner's probation and imposed the previously suspended sentence of fifty-five days to life.

On February 13, 2009, Petitioner's attorney filed a letter at the Vermont Supreme Court advising that Petitioner's case should have been docketed as an automatic appeal. Ten days later, Petitioner notified the Vermont Supreme Court in writing that his attorney requested the appeal without his consent and stated that he wanted the appeal dismissed. Petitioner subsequently filed motions referencing this same request with the Vermont Supreme Court supported by an affidavit in support of his right not to appeal. On September 8, 2009, the Vermont Supreme Court docketed an automatic appeal from

2

Petitioner's January 30, 2008 sentencing. On December 22, 2009, Petitioner filed another motion for voluntary dismissal of his appeal, which the Vermont Supreme Court granted and which resulted in the appeal's dismissal on January 6, 2010.

In April of 2010, Petitioner filed a notice of appeal of his probation revocation. On December 14, 2010, the Vermont Supreme Court affirmed the revocation of probation and the imposition of Petitioner's underlying sentence.

Petitioner filed his first petition for post-conviction relief ("PCR") in August of 2011, and alleged that his counsel provided ineffective assistance during the probation revocation hearing. The trial court found that Petitioner's counsel's performance was not deficient and granted the State's motion for summary judgment. The Vermont Supreme Court affirmed the trial court's decision.

In December of 2013, Petitioner filed a second PCR petition and argued that his guilty plea colloquy was defective because he never admitted the factual basis of the charge. The trial court granted the State's motion for summary judgment, and the Vermont Supreme Court affirmed.

On February 7, 2015, Petitioner filed his third petition for PCR and asserted that his conviction was flawed because 13 V.S.A. § 2601 required the lewd act be "open," but the facts of his case established that the charged conduct did not occur in a public place. Noting that it was unable to "find any authority for the proposition that 'occurrence in a public place or in public view' [was] an element of the offense" of lewd and lascivious conduct, the trial court granted summary judgment in the State's favor. (Doc. 8-1 at 4.) On November 4, 2016, the Vermont Supreme Court affirmed the trial court's order.

On November 7, 2016, Petitioner filed the pending 28 U.S.C. § 2254 motion wherein he collaterally challenges his conviction and sentence. Petitioner reiterates his argument that the court should vacate his conviction because the underlying facts lack "the element of 'public' in the charging [I]nformation(s)[.]" (Doc. 5 at 5.)

3

## II.     Conclusions of Law and Analysis.

### A.     Standard of Review.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B.     Whether Petitioner's January 9, 2017 Opposition to Respondent's Reply Constitutes a Sur-reply.

Petitioner contends that his January 9, 2017 filing was not a sur-reply. Even if it was error for the Magistrate Judge to refer to Petitioner's filing as a sur-reply, Petitioner suffered no prejudice because the Magistrate Judge properly exercised his discretion and considered Petitioner's arguments in that filing. *See Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010) ("courts have broad discretion to consider arguments in a sur-reply"). This alleged error thus provides no grounds for relief.

### C.     Whether Petitioner Alleges a Federal Constitutional Violation.

"It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002); *see* 28 U.S.C. § 2254(a) (permitting habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). While Petitioner lists a number of federal constitutional violations, including a Sixth Amendment violation for failure to inform him of the nature of the accusation against him, his habeas petition is

4

grounded in a question of state law: whether lewd and lascivious conduct must occur in public to constitute a crime. This issue does not raise a federal constitutional claim. *See Ponnapula*, 297 F.3d at 181 (concluding petitioner's § 2254 petition "provides no basis for federal habeas relief because it rests solely on a question of state law"). Nor does this court have the ability to alter the state court's determination of that question. "[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law[.]" *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940).

Lewd and lascivious conduct under Vermont law must be "open and gross[.]" 13 V.S.A. § 2601. The Vermont Supreme Court has examined Petitioner's argument that the act must be committed in a public place and concluded:

> [p]ublic is not included as a requirement in the statutory language. Moreover, . . . the use of "open" in the statute does not require that the conduct take place in a public place. . . . [Vermont Supreme Court precedent] makes clear that conduct violates § 2601 when it is "neither disguised nor concealed and is witnessed by at least one person."

*In re Rheaume*, 2016 WL 6562431, at *1 (Vt. Nov. 4, 2016). The Magistrate Judge thus correctly found that Petitioner "has not asserted that a federal constitutional violation occurred during the state criminal proceedings—his claims are based entirely on a purported misapplication of Vermont law." (Doc. 15 at 16.) The court adopts that conclusion as its own.

Because Petitioner's habeas petition rests solely on a question of state law, federal habeas relief is unavailable under § 2254 and the petition must be dismissed. The court therefore does not and need not reach Petitioner's other objections to the R & R which are directed to whether his petition was timely filed.

5

## CONCLUSION

For the foregoing reasons, the court ADOPTS IN PART the Magistrate Judge's R & R (Doc. 15), GRANTS Respondent's motion to dismiss (Doc. 9), and DISMISSES Petitioner's § 2254 motion (Doc. 5). The remaining pending motions are hereby DISMISSED AS MOOT. (Docs. 3, 11, 13, 18, 19, & 22.)

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of July, 2017.

Christina Reiss, Chief Judge
United States District Court